Filed 12/13/13  Crosby v. Neuman CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| JAMES D. CROSBY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILIP NEUMAN,<br><br>Defendant and Appellant. | D061590<br><br><br>(Super. Ct. No. 37-2010-00057331-CU-CO-NC) |

APPEAL from an order of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.

Law Office of Timothy P. Kindelan and Timothy P. Kindelan for Defendant and Appellant.

Ferris & Britton, Michael R. Weinstein and W. Lee Biddle for Plaintiff and Respondent.

Philip Neuman appeals a postjudgment order denying his motion to set aside a summary judgment in favor of James D. Crosby.  Neuman contends the trial court abused its discretion in denying his motion because:  (1) he was entitled to mandatory relief

under Code of Civil Procedure section 473, subdivision (b) (undesignated statutory references are to this code); (2) the trial court did not consider all of the evidence in granting summary judgment; and (3) service of the summary judgment motion was defective. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Neuman entered into a contract to employ Crosby as in-house counsel for a period of three years. Approximately two years later, Crosby sued Neuman for breach of contract, alleging Neuman failed to pay him and committed other employer violations. Crosby obtained a default judgment against Neuman. The trial court later granted Neuman's request to set aside the default judgment.

During the course of the litigation, Neuman failed to respond to Crosby's discovery requests. As a result, the trial court sanctioned Neuman and deemed the matters specified in Crosby's requests for admissions admitted. The deemed admissions included that Neuman breached the employment agreement in numerous respects, including by failing to pay Crosby in accordance with its terms.

Crosby moved for summary judgment. Neuman failed to oppose the motion, but appeared at the hearing and requested a continuance. The trial court denied Neuman's request for a continuance and granted Crosby's summary judgment motion. The court entered judgment against Neuman in the amount of $382,533.87.

Neuman moved to set aside the judgment on the grounds that Crosby failed to meet his burden on summary judgment and Neuman's failure to file an opposition should be excused. The trial court denied Neuman's motion, finding he did not comply with

2

section 473, subdivision (b) because he failed to provide the court with the "pleading proposed to be filed."  The court also noted that it was "not persuaded that . . . Neuman's failure to timely file [an] opposition to the motion for summary judgment was the result of mistake, inadvertence or excusable neglect particularly when [Neuman] argue[d] that 'the mistake would not have occurred had [he] been represented by counsel.' "

## DISCUSSION

### I. *Mandatory Relief Under Section 473, Subdivision (b)*

Neuman argues the trial court abused its discretion in denying his motion to set aside the judgment.  Specifically, he claims he should be treated the same as an attorney who would be entitled to mandatory relief under section 473, subdivision (b).  We disagree.

Section 473, subdivision (b) grants a court discretion "upon any terms as may be just," to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  Under a separate, mandatory provision of the section, "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."  (§ 473,

3

subd. (b); *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 482-483; *Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 926.)

The purpose of the mandatory relief amendment to section 473 was to "relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits." (*Metropolitan Service Corp. v. Casa de Palms. Ltd.* (1995) 31 Cal.App.4th 1481, 1487.) It is a "narrow exception to the discretionary relief provision for default judgments and dismissals." (*Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 257.)

Here, Neuman's argument is flawed for multiple reasons. As an initial matter, Neuman did not argue in the trial court that he was entitled to relief under the mandatory provision of section 473, subdivision (b). Instead, he argued the trial court "should exercise [its] discretion" because his "[m]istake as to the [d]ue [d]ate for [o]pposition [p]apers [was] [e]xcusable." Generally, arguments not asserted below are waived and will not be considered for the first time on appeal. (*Santantonio v. Westinghouse Broadcasting Co*. (1994) 25 Cal.App.4th 102, 113.) In any event, we reject Neuman's argument because the mandatory relief provision does not apply in this case.

By its express language, the mandatory relief provision of section 473, subdivision (b) applies only to relief from defaults, default judgments and dismissals. (§ 473, subd. (b).) As the court observed in *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 133, summary judgments are neither defaults, nor default judgments, nor dismissals. Thus, the explicit statutory language of section 473, subdivision (b) "provides no basis for extending the mandatory provision" to such judgments. (*Prieto v.*

4

*Loyola Marymount University* (2005) 132 Cal.App.4th 290, 297.)  Since Neuman sought to set aside a summary judgment, the mandatory relief provision of section 473, subdivision (b) does not apply and cannot afford him relief.

## II.  *Trial Court's Consideration of the Evidence*

Neuman argues the summary judgment should be set aside because the trial court did not consider all of the evidence.  Specifically, he contends Crosby's evidence created a triable issue of fact as to whether damages should have been capped at $100,000.  We reject this argument.

Neuman concedes that his "appeal is presented as a request to reverse the trial court's ruling denying relief under [section] 473, [subdivision] (b)."  He likely concedes this point because his appeal from the judgment would have been untimely.  The trial court entered judgment in this case on November 1, 2011, and Crosby served Neuman with notice of entry of judgment on November 3, 2011.  Under California Rules of Court, rule 8.104(a), Neuman had 60 days from service of the notice of entry of judgment to appeal.  That time expired on January 2, 2012.  Neuman did not file his Notice of Appeal until March 21, 2012.  Thus, Neuman has not timely appealed from the judgment and his arguments attacking the merits of the summary judgment are not cognizable in his appeal.

## III.  *Alleged Defective Service*

Neuman argues that Crosby's failure to properly serve the summary judgment motion caused confusion and the trial court should not have considered it.  We reject this argument.

Based on parties' arguments and the record before us, it appears it is undisputed that Crosby initially served the summary judgment motion on Neuman via regular mail service on July 27, 2011 to an address in "Upper Saddle Ridge," New Jersey. A few days later, Crosby served the motion via overnight mail to the same street address, but this time the city was identified as "Upper Saddle River," which Neuman claims is the proper address. The hearing on the summary judgment motion was on October 21, 2011, which was 80 days after the overnight mail service.

Section 437c, subdivision (a) outlines the service requirements for a motion for summary judgment. This section provides that "[n]otice of the motion and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing. However, if the notice is served by mail, the required 75-day period of notice shall be increased by . . . 10 days if the place of address is outside the State of California but within the United States, . . . and if the notice is served by facsimile transmission, Express Mail, or another method of delivery providing for overnight delivery, the required 75-day period of notice shall be increased by two court days."

Neuman contends the two different methods for service caused confusion which contributed to his failure to file an opposition and rendered it improper for the trial court to consider the motion for summary judgment. He claims Crosby was required to serve him 85 days before the hearing because he was served outside the State of California. We are not convinced by this argument because Crosby utilized at least one service method which complied with the requirements of section 437c, subdivision (a).

6

Specifically, Crosby served the motion via Express Mail 80 days before the hearing, which exceeded the 75 plus 2 days requirement for that service method. (§ 437c, subd. (a).)

Further, although Neuman claims the two separate service methods caused confusion, he fails to explain how it prevented him from filing an opposition. This is not a situation where the opposition was late. Rather, Neuman did not file an opposition at all. We find it hard to believe that Neuman understood the two service methods completely relieved him from his opposition requirement. If we were to accept Neuman's argument, a moving party who makes a mistake as to service and later corrects it would essentially render his motion for summary judgment void.

Lastly, "[t]he general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose." (*De Luca v. Board of Supervisors of Los Angeles County* (1955) 134 Cal.App.2d 606, 609.) Neuman was clearly aware of the hearing date because he appeared at the hearing. The order after the hearing indicates that Neuman requested a continuance, but there is no reference to whether that request was based on defective service. He did not provide us with a copy of the reporter's transcript from the summary judgment hearing and there is no other indication in the record that he challenged service at the hearing. Accordingly, Neuman failed to meet his burden to show error.

DISPOSITION

The postjudgment order denying Neuman's motion to set aside the judgment is affirmed.  Crosby is entitled to costs on appeal.


MCINTYRE, J.

WE CONCUR:


MCCONNELL, P. J.


NARES, J.